UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COACTION SPECIALTY MANAGEMENT COMPANY, INC., NEW YORK MARINE AND GENERAL INSURANCE COMPANY, GOTHAM INSURANCE COMPANY, and SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>EMAXX INSURANCE SERVICES, LLC, ECAPTIV PC3-IC, INC., and JOHN FERRANTE,<br><br>Defendants. | No. 25-cv-7815<br><br>Broderick, J. |

**COACTION'S UNOPPOSED MOTION FOR ENTRY OF A CERTIFICATE OF DEFAULT AGAINST PC3**

Plaintiffs Coaction Specialty Management Company, Inc., New York Marine and General Insurance Company, Gotham Insurance Company, and Southwest Marine and General Insurance Company (together, "Coaction") respectfully submit this motion for the entry of a certificate of default against Defendant eCaptiv PC3-IC, Inc. ("PC3").

1. On December 23, 2025, the Court ordered that PC3 would be required to post security pursuant to New York Insurance Law § 1213(c)(1). *See* Dkt. 52 at 17-20. On February 13, 2026, the Court ordered PC3 to post $6,028,331.99 in security by April 30, 2026. *See* Dkt. 65 at 1; *see also* Dkt. 67 (clarifying that PC3 was responsible for posting the security).

2. On April 30, 2026, the Court granted PC3 a 45-day extension of its obligation to post security. *See* Dkt. 78. On June 12, 2026, the Court denied PC3's request for a further extension of this deadline and confirmed that security was due on June 15, 2026. *See* Dkt. 84.

3. On June 15, 2026, PC3 informed the Court that it would not post security. *See* Dkt. 85.

4. New York law is clear that "if the foreign insurer fails to post a bond, as required, its pleadings will be stricken and a default judgment will be entered." *In re MF Glob. Holdings Ltd.*, 569 B.R. 544, 556 (Bankr. S.D.N.Y. 2017).

5. Counsel for Coaction have contacted the Clerk's office concerning obtaining a certificate of default with respect to PC3, as required by this Court's Individual Rules & Practices in Civil Cases. Counsel was informed by the Clerk's office that the uncommon procedural posture of this matter would make it difficult for them to issue a certificate.

6. Local Rule 55.1(b) authorizes the Court to "enter default or direct the clerk to enter default."

7. To avoid potential delay and confusion concerning the issuance of a certificate of default, pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1(b), Coaction respectfully requests that the Court enter a certificate of default as to PC3 or direct the Clerk to enter a certificate default as to PC3.

8. Counsel for Coaction has met and conferred with counsel for PC3, who have provided the following position: While PC3 does not oppose the instant motion for a certificate of default, PC3 does intend to oppose any subsequent motion for a default judgment and will seek a hearing on damages at the appropriate time.

Respectfully submitted,

Dated: June 25, 2026

*/s/ Guyon Knight*

Guyon H. Knight
Matthew G. Horowitz
Harold J. Scheeren
MOUND COTTON WOLLAN & GREENGRASS LLP
One New York Plaza
New York, New York 10004
(212) 804-4200
gknight@moundcotton.com
mhorowitz@moundcotton.com
hscheeren@moundcotton.com

Christina G. Jackson (*pro hac vice* forthcoming)
MOUND COTTON WOLLAN & GREENGRASS LLP
Three Greenway Plaza
Houston, Texas 77046
(281) 572-8350
cjackson@moundcotton.com

*Counsel for Plaintiffs Coaction Specialty Management Company, Inc., New York Marine and General Insurance Company, Gotham Insurance Company, and Southwest Marine and General Insurance Company*

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.

7/15/2026

The Clerk of Court is respectfully directed to enter a certificate of default as to PC3.